UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24CV1457 HEA |
| CITY OF CLAYTON, et al., | ) ) ) |
| Defendants. | ) ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint, [ECF No. 18], Plaintiff's Motion for Leave to File Response to Defendants' Memorandum, [ECF No. 27], Defendants' Motion to Strike, [ECF No. 30], and Plaintiff's Amended Motion for Leave to File Response to Defendants' Memorandum, [ECF No. 32]. For the reasons that follow, the Court will deny without prejudice Plaintiff's Motion for Leave to File Amended Complaint and give Plaintiff an opportunity to file a second amended complaint that complies with the instructions in this Opinion, Memorandum and Order. Defendants' Motion to Strike will be granted, Plaintiff's Motion for Leave to File Response to Defendants' Memorandum will be stricken, and Plaintiff's Amended Motion for Leave to File Response will be denied as moot.

**Facts and Background**

In October 2024, Plaintiff Richard Wilson, proceeding pro se, filed a 42 U.S.C. § 1983 Complaint alleging that two police officers violated his civil rights during an interaction at his place of business on November 1, 2022. Plaintiff names as Defendants the City of Clayton (City); Mayor Michelle Harris, City Manager David Gipson, and Chief of Police Mark Joseph Smith in their official capacities; and Officers Michael George Zuniga, Keaton Alan Fogler, Lauren Keeling, Juan Quintero, Tyler Robert Rigoni, and Ashley Farmer in their individual and official capacities. Plaintiff alleges that Defendants Zuniga and Fogler unlawfully detained and seized him in violation of the Fourth and Fourteenth Amendments (Count I); unspecified Defendants conspired to interfere with his civil rights under 42 U.S.C. § 1985 (Count II); Defendant City either has a policy, custom, or practice of training its police officers to unlawfully demand identification from all citizens or fails to adequately train and supervise its officers (Count III); Defendants Zuniga and Fogler discriminated against him on the basis of race in violation of the Equal Protection Clause (Count IV); and Defendants Zuniga and Fogler retaliated against him in violation of the First Amendment (Count V). He seeks declaratory relief, injunctive relief, and $2,500,000 in damages.

In the Complaint, Plaintiff states that he is a licensed private investigator and legal process server who has a private office in a business center located in

2

Clayton, Missouri. He alleges that on November 1, 2022, he was meeting with a client in his office after hours when he looked out of his window and was verbally confronted by Defendants Zuniga and Fogler, who are police officers with the City's Police Department and were working security outside of the business center. Plaintiff identified himself to Defendants Zuniga and Fogler and explained that he was working with a client in his office. According to the Complaint, the officers did not believe that Plaintiff was a tenant of the business center due to his race and asked Plaintiff to show them his driver's license. When Plaintiff refused to do so, Defendants Zuniga and Fogler entered the building by force, confronted Plaintiff outside of his office with their guns drawn, and demanded that Plaintiff show them his license. Plaintiff alleges that despite identifying himself as a tenant, legal process server, and licensed private investigator, Defendants Zuniga and Fogler told Plaintiff that he was not free to leave and stood in his path as he attempted to leave the building via the elevator. Plaintiff alleges that he fled down the stairs and left the business center, but Defendants Zuniga and Fogler followed him down the stairs and into the parking lot with their guns drawn.

Defendants filed two separate Motions to Dismiss for failure to state a claim. [ECF Nos. 7, 9]. Plaintiff opposes the motions to dismiss.[1] [ECF Nos. 11, 13].

---

[1] As set forth below, the Court will give Plaintiff an opportunity to file a second amended complaint that complies with the instructions in this Opinion,

3

Plaintiff has subsequently filed a Motion for Leave to File Amended Complaint seeking to bring five additional state and federal claims against Defendants Zuniga and Fogler. [ECF No. 18]. The proposed Amended Complaint purports to incorporate the Original Complaint in its entirety. [ECF No. 18-1]. As a result, the proposed Amended Complaint contains none of the factual allegations and claims from the Original Complaint. *Id.* Instead, it asserts only the five new claims against Defendants Zuniga and Fogler. *Id.* Defendants oppose the Motion for Leave to File Amended Complaint, arguing that the proposed Amended Complaint is futile because it fails to state a claim and largely consists of legal arguments and conclusory allegations. [ECF No. 23]. Plaintiff has filed a "Motion for Leave to File Response to Defendants' Memorandum," a reply memorandum, and a memorandum in support contending that the claims in his proposed First Amended Complaint are not futile and that he should be granted leave to amend in light of his pro se status. [ECF Nos. 27-29].

Defendants have moved to strike Plaintiff's Motion for Leave to File Response and reply briefing because Plaintiff did not physically sign them, as required by Federal Rule of Civil Procedure 11(a) and the Eastern District of Missouri's Local Rules. [ECF No. 30]. Plaintiff subsequently filed an Amended

---

Memorandum and Order. Thus, the Court declines to address Defendants' Motions to Dismiss at this time.

4

Motion for Leave to File Response and amended reply memoranda, all of which have been physically signed.[2] [ECF Nos. 32-34].

## Discussion

Upon review of the proposed Amended Complaint, the Court finds that it contains several deficiencies and fails to comply with the Federal Rules of Civil Procedure and the Eastern District of Missouri's Local Rules. Thus, Plaintiff's Motion for Leave to File Amended Complaint will be denied without prejudice. In light of Plaintiff's pro se status, however, the Court will allow Plaintiff to file a second amended complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (explaining that a court should give a pro se plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint).

### I. Deficiencies in the Proposed Amended Complaint

First, the proposed Amended Complaint impermissibly attempts to incorporate by reference the Original Complaint in its entirety. As a result, the proposed Amended Complaint asserts only the five new claims against Defendants

---

[2] The Court notes that, as the moving party, Plaintiff was permitted to file a reply memorandum without first seeking leave from the Court. *See* E.D.Mo. L.R. 4.01(C) ("Within ten (10) days after being served with a memorandum in opposition, the moving party may file a reply memorandum. Additional memoranda may be filed by either party only with leave of Court."). Thus, he was not required to file the Motion for Leave to File Response to Defendants' Memorandum.

5

Zuniga and Fogler and omits all of the factual allegations and claims from the Original Complaint. However, an amended complaint may not incorporate by reference the allegations and claims from a prior complaint because an amended complaint completely replaces all prior complaints. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citing 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1476, pp. 636-37 (3d ed. 2010))); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Thus, any claims that are not reasserted in an amended complaint are ordinarily deemed abandoned. However, because Plaintiff is proceeding pro se and has indicated that he did not intend to abandon all of the claims asserted in the Original Complaint, the Court will deny without prejudice his request to make the proposed Amended Complaint the operative pleading. Instead, the Court will allow him to file a second amended complaint that asserts all of the claims he wishes to bring within 21 days of the entry of this Opinion, Memorandum and Order.

Second, the proposed Amended Complaint does not contain any allegations or claims against Defendants Harris, Gipson, Smith, Keeling, Quintero, Rigoni,

6

and Farmer. *See* [ECF No. 18-1]. The "Parties" section of the Original Complaint contains some allegations concerning Defendants Harris, Gipson, and Smith's conduct, *see* [ECF No. 1 at 12-17], but it does not specify which, if any, of Plaintiff's claims are being asserted against these City officials, *see id.* at 27-33. Thus, the Original and Amended Complaints fail to give Defendants Harris, Gipson, and Smith fair notice of the nature and basis of any claims that Plaintiff might be asserting against them. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the "essential function of a complaint . . . is to give the opposing party fair notice of the nature and basis or grounds for a claim" (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999))). The Original Complaint names Defendants Keeling, Quintero, Rigoni, and Farmer in the caption and identifies them as City police officers in the "Parties" section, *see id.* at 1-2, 12, but it contains no additional factual allegations or claims against them whatsoever. As a result, it is not clear from the pleadings why Plaintiff has named Keeling, Quintero, Rigoni, and Farmer as Defendants in this matter. *See Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (concluding that the "complaint f[ell] short of meeting even the liberal standard for notice pleading, since it [wa]s entirely conclusory, giving no idea what acts the individual defendants [we]re accused of that could result in liability").

7

Third, the caption of the proposed Amended Complaint lists by name only the City as a Defendant. [ECF No. 18-1 at 1] ("CITY OF CLAYTON, et al"). While a general reference to the other Defendants would be permissible in the caption of a subsequent pleading or motion, the caption of an amended complaint must clearly name all the parties. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

Fourth, Plaintiff failed to physically sign the proposed Amended Complaint, as required by Rule 11(a) and this district's Local Rules. *See* Fed. R. Civ. P. 11(a) (providing that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented"); E.D.Mo. L.R. 2.01 (stating that "[a]ll filings . . . shall contain the signature of the self-represented party"), 2.11 (providing that a document that is signed by anyone other than an attorney of record "must be physically signed"). While Plaintiff corrected this omission in his reply briefing after it was called to his attention by Defendants' Motion to Strike, he did not correct the signature in the proposed Amended Complaint.

## II.   Instructions on Filing a Second Amended Complaint

First, Plaintiff is advised that his second amended complaint must include all of the claims and factual allegations he wishes to assert. The Court emphasizes that

8

Plaintiff may not incorporate by reference the allegations and claims in the Original and Amended Complaints because the second amended complaint will **completely replace** the prior complaints. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d at 928 ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the prior pleadings that are not included in the second amended complaint will be deemed abandoned and will not be considered. *See id.*

Second, Plaintiff must state which Defendants are implicated in each count and specifically allege what each named Defendant did to violate his rights so that Defendants can know what they are accused of doing or failing to do. *See Topchian*, 760 F.3d at 848 (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). It is not enough for Plaintiff to refer to a group of Defendants and make general allegations against them.[3] To adequately state a § 1983 claim against a Defendant

---

[3] The Court notes that in Count II of the Original Complaint, Plaintiff did not specify which Defendants were involved in the alleged civil conspiracy. To the extent Plaintiff intends to reassert his § 1985 conspiracy claim in the second amended complaint, he must specifically allege which Defendants were involved in the conspiracy and "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *See Johnson v. Perdue*, 862 F.3d 712, 717 18 (8th Cir. 2017) (quoting *City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989))).

in his or her individual capacity, Plaintiff must plead facts showing that the Defendant was personally involved in or directly responsible for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976))); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights); *see also S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct." (citing *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010))). Further, Plaintiff is cautioned that if the second amended complaint fails to make specific factual allegations against any named Defendant, that Defendant will be dismissed from the case. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming the dismissal of a pro se complaint where defendants were merely

10

named as defendants in the complaint, but there were no allegations of constitutional harm against them).

Third, Plaintiff must list every Defendant he intends to sue in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10(a) (providing that "[t]he title of the complaint must name all the parties"). Any Defendant that is not listed by name in the caption of the second amended complaint will be dismissed from the case. Plaintiff should avoid naming anyone as a Defendant unless that person is directly related to one or more of his claims.

Fourth, Plaintiff must physically sign the second amended complaint and all of his future filings. *See* Fed. R. Civ. P. 11(a) (providing that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented"); E.D.Mo. L.R. 2.01 (stating that "[a]ll filings . . . shall contain the signature of the self-represented party"), L.R. 2.11 (providing that a document that is signed by anyone other than an attorney of record "must be physically signed"). If Plaintiff fails to sign the second amended complaint, it will be subject to being stricken. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (explaining that a party's pro se status "does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure" (citing *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994))).

11

Finally, Plaintiff will be given 21 days to file a second amended complaint in accordance with the foregoing instructions. Plaintiff's failure to timely comply with this Opinion, Memorandum and Order may result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, [ECF No. 18], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **July 16, 2025**, Plaintiff shall submit a second amended complaint in accordance with the instructions set forth in this Opinion, Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, [ECF No. 30], is **GRANTED**, and Plaintiff's Motion for Leave to File Response, [ECF No. 27], is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Leave to File Response, [ECF No. 32], is **DENIED as moot**.

**If Plaintiff fails to file a second amended complaint in accordance with the instructions in this Opinion, Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 26th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE